IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00666-MSK-CBS

WILLIAM M. WRIGHT,
        Plaintiff,
v.

MICHELLE STRUM, Nurse, and
EFRAIN UBINAS, Nurse,
        Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Mr. Wright's "Motion - Res Ipsa

Loquitur" (filed September 18, 2008) (doc. # 38).  Pursuant to the Order of Reference

dated May 6, 2008 (doc. # 11) and the memorandum dated September 19, 2008 (doc.

# 39), this matter was referred to the Magistrate Judge.  The court has reviewed Mr.

Wright's Motion, the entire case file, and the applicable law and is sufficiently advised in

the premises.

        Mr. Wright asks the court "to review Plaintiff's allegations to support and allow

Plaintiff to proceed under res ipsa loquitur."  (*See* doc. # 38 at p. 6 of 9).  "A res ipsa

loquitur case is ordinarily merely one kind of case of circumstantial evidence, in which

the jury may reasonably infer both negligence and causation from the mere occurrence

of the event and the defendant's relation to it."  Restatement (Second) of Torts § 328D,

cmt. b (1965).  The theory of res ipsa loquitur is not a separate claim; rather, it

describes a set of conditions that must be met before an inference of negligence may

1

be drawn.

Mr. Wright has the burden of proving more than negligence in this case. Mr.
Wright alleges pursuant to 42 U.S.C. § 1983 that Defendants violated his civil rights by
inadequate medical care. (*See* Amended Prisoner Complaint (doc. # 7) at p. 4 of 9).
"The Eighth Amendment, which applies to the States through the Due Process Clause
of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments
on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The
Eighth Amendment has been construed to cover inadequate medical care. *Estelle v.
Gamble*, 429 U.S. 97, 104-06 (1976) (because only the unnecessary and wanton
infliction of pain implicates the Eighth Amendment, in order to state a cognizable claim
a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate
indifference to serious medical needs). An Eighth Amendment claim for deliberate
indifference to serious medical needs consists of both a subjective component requiring
that the Defendants acted with a sufficiently culpable state of mind and an objective
component that the pain or deprivation be sufficiently serious. *Handy v. Price*, 996 F.2d
1064, 1067 (10th Cir. 1993). A negligent failure to provide adequate medical care does
not give rise to a constitutional violation. *Perkins v. Kansas Dept. of Corrections*, 165
F.3d 803, 811 (10th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06). Thus, a finding of
negligent medical care and a res ipsa loquitur theory are not pertinent to Mr. Wright's
claims.

Further, Mr. Wright's request to "proceed under res ipsa loquitur" is premature.
Res ipsa loquitur is a pattern of proof that permits a plaintiff to make a prima facie case

of negligence by allowing the trier of fact to infer negligence from facts established by competent evidence. To permit a trier of fact to infer negligence, a plaintiff must first prove certain foundational facts at trial. A determination of the sufficiency of the evidence to permit the use of res ipsa loquitur is to be made by the court before submitting the case to the jury. Prior to the court instructing the jury at trial, Mr. Wright's request to "proceed under res ipsa loquitur" is premature. Accordingly,

IT IS ORDERED that Mr. Wright's "Motion - Res Ipsa Loquitur" (filed September 18, 2008) (doc. # 38) is DENIED.

DATED at Denver, Colorado, this 19th day of September, 2008.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge