IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00666-MSK-CBS

WILLIAM M. WRIGHT,

    Plaintiff,
v.

MICHELE STRUM, and
EFRAIN UBINAS,

    Defendants.

## OPINION AND ORDER DENYING, IN PART, MOTION TO DISMISS

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 20)**, the Plaintiff's response **(# 37)**, and the Defendants' reply **(# 41)**.

According to the *pro se* Amended Complaint **(# 7)**[1], the Plaintiff was taken into custody at the Arapahoe County Detention Facility on February 11, 2008. He alleges that, at that time, he was suffering from a broken left wrist, but that he was not seen by the facility's medical staff for 3 days. Ascertaining the precise involvement of each Defendant and the sequence of events

---

[1] On July 21, 2008, the Magistrate Judge invited **(# 29)** the Plaintiff to file a motion within 60 days seeking leave to amend the Amended Complaint, so as to cure the deficiencies cited in the Defendants' motion. The Defendant instead chose to respond to the motion. On October 10, 2008, after the deadline for seeking leave to amend had passed, the Plaintiff filed a Second Amended Complaint **(# 46)**. The Defendants moved to strike **(# 47)** that pleading as unauthorized. The Plaintiff then moved for leave **(# 67)** to amend his pleading. By order dated December 19, 2008 **(# 67)**, the Magistrate Judge struck the Plaintiff's Second Amended Complaint but granted him leave to file a new Second Amended Complaint by January 19, 2009. That deadline has passed without the Plaintiff filing a new Second Amended Complaint, and thus, the Court resolves this motion with reference to the current operative pleading, the Amended Complaint **(# 7)** filed on April 22, 2008.

from the brief factual recitation provided in the Amended Complaint is difficult; the substantive portion of the Amended Complaint reads as follows:

> The Medical Staff did not see me for the first 3 days. Upon seeing I did not receive any treatment for my left wrist which did not have nothing to support it. [Defendant Strum] totally ignored my civil rights by not attending to my injured left wrist. My wrist later to be put into a cast. [Defendant Strum] ignored my injured wrist for the next few days. [Defendant Ubinas] violated my civil rights as well by not attending to my injured wrist after seeing in his work shift finally after 8 days [Defendant Ubinas] put my wrist into a sling.

Later, he alleges that a cast was not put on his wrist until 10 days after his arrival at the facility. He states that, had he received earlier medical treatment, he could have avoided a surgery that was required to repair his left wrist. He also makes a passing reference to the fact that, at the time of his arrival, he had 8 stitches in the palm of his right hand, but that he did not receive medical treatment (*i.e.* cleaning the area and changing the dressing on it) until February 14, 2008.[2]

From the foregoing, the Court understands the Plaintiff to be asserting claims pursuant to 42 U.S.C. § 1983, alleging that Defendants Strum and Ubinas violated his rights under the 8th Amendment to the U.S. Constitution by manifesting deliberate indifference to his medical needs.

The Defendants move to dismiss **(# 20)** the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, they argue: (i) the Plaintiff fails to

---

[2]The Amended Complaint also contains a brief allegation that the "medical staff" failed to provide him with prescribed medication and consulted an outdated medical chart in treating him. By Order dated May 1, 2008 **(# 8)**, the Magistrate Judge dismissed any putative claim against the "medical staff." Because the allegations concerning medication makes no reference to either of the Defendants herein, the Court will not consider those allegations as stating a claim for relief. This disposes of the Defendants' arguments regarding the need for the Plaintiff to file a Certificate of Review.

allege that Defendants Strum and Ubinas were responsible for the 3-day delay in treating him; (ii) the Plaintiff fails to allege facts sufficient to show that his medical needs were objectively "serious," such that the need for treatment would be obvious; (iii) that the mere allegation that Defendant Ubinas placed the Plaintiff's wrist in a sling fails to allege any constitutional violation; and (iv) to the extent the Plaintiff alleges a professional negligence claim against a health care provider, he is required to file a Certificate of Review under C.R.S. § 13-20-602(3), and the Plaintiff has not done so.[3]

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

---

[3]The Defendant's Motion was filed on June 10, 2008. On June 23, 2008, the Plaintiff moved for an extension of time **(# 25)** to file a Certificate of Review. On July 21, 2008, the Magistrate Judge granted **(# 29)** the Plaintiff an extension of 60 days. On October 8, 2008, after the initial deadline had passed, the Plaintiff again moved for an extension of time to file his Certificate of Review **(# 42)**. On October 9, 2008, the Magistrate Judge granted **(# 44)** that request, setting a deadline of November 21, 2008 for the filing. On November 17, 2008, the Plaintiff sought another extension **(# 52)**, and the Magistrate Judge extended **(# 56)** the deadline for filing the Certificate of Review to December 19, 2009. To date, the Plaintiff has not filed a Certificate of Review.

The Court is mindful of the Plaintiff's *pro se* status and construes his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

To establish an 8th Amendment claim premised upon deliberate indifference to his medical needs, an inmate plaintiff must show: (i) he suffered from a serious medical need; (ii) the defendant deprived him of treatment of that need; and (iii) that the defendant did so with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As to the first element, a medical need is "serious" when it has been diagnosed by a physician as requiring treatment or where the condition is so obvious that even a layperson would recognize the need for a doctor's attention. *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000); *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999).

With regard to the element of intent, "deliberate indifference" requires a state of mind "more blameworthy than negligent," but this can be "something less than acts or omissions for the very purposes of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. It is a state of mind akin to recklessness, and occurs when the defendant "knows of and disregards an excessive risk to [the] inmate['s] health or safety."*Id.* at 837. It is not enough to

show that a defendant provided ineffective or even negligent medical treatment. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198 n. 5 (1989); *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). An Eighth Amendment violation arises only where a defendant subjectively knows of an excessive risk to the plaintiff's safety but nevertheless disregards that risk. *Sealock,* 218 F.3d at 1209.

Where the inmate complains of treatment that is merely delayed, rather than refused, an Eighth Amendment violation may lie. *Sealock*, 218 F.3d at 1210. In such circumstances, the inmate is required to make an additional showing that the delay in receiving care caused "substantial harm." *Id.*; *see also Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "Substantial harm" includes lifelong handicap, permanent loss, or considerable pain. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

Here, the Court finds that the Plaintiff fails to state an 8th Amendment violation against either of the Defendants. As an initial matter, the Court has some doubt that the Amended Complaint alleges facts that would show that the Plaintiff had an objectively-recognizable serious medical need. The Plaintiff describes his condition as a "broken wrist." He does not allege that a physician had already diagnosed his condition as needing treatment, and thus, he is required to plead facts that would show that even a layperson would recognize the condition as requiring medical treatment. As with most injuries, wrists can be broken in many ways and can be evidenced by a variety of symptoms, many of which may not be notable to a layperson. A broken wrist might be suspected by extreme swelling, unmistakable lumps or bony protrusions beneath the skin, and pronounced weakness in the affected hand. Although the Plaintiff does not allege where along this continuum his injury fell, the Court is required at this preliminary stage

5

of the litigation to draw all reasonable inferences in his favor. Thus, the Court will assume that the Plaintiff's broken wrist was sufficiently severe as to constitute a "serious medical need."

Next, the Court turns to the question of whether the Plaintiff has adequately alleged that either Defendant manifested sufficiently culpable intent to constitute an 8th Amendment violation. As to Defendant Strum, the Plaintiff's allegations offer an unclear temporal progression. He alleges that he received no treatment of any kind for his wrist for a period of 3 days. He offers a conclusory statement that Defendant Strum did not "attend[ ] to my injured left wrist," but it is unclear what time frame he is referring to, and indeed, if Defendant Strum was even present during this time frame. He states that his wrist was "later" put into a cast, and then alleges that Defendant Strum "ignored" his wrist "for the next few days," but it is not clear whether the "next few days" he is referring to follow the placement of his wrist in a cast or occurred some time before.[4]

Once again, the Court is required to construe the Plaintiff's pleadings liberally and resolve all inferences in his favor at this stage of the case. The assertion that Defendant Strum "did not attend" to his wrist is insufficient to state a claim, as it fails to allege any affirmative knowledge by Defendant Strum of the Plaintiff's condition. Simply saying that Defendant Strum "did not attend" to him does not imply that Defendant Strum took note of the Plaintiff's condition yet refused to treat it; the same phrase could just as easily suggest that Defendant Strum failed to even observe the Plaintiff's condition, much less treat it. In the latter case, the

---

[4]The latter seems more likely, as it is difficult to determine what additional treatment for the Plaintiff's wrist could be given once it was placed in a cast. Nevertheless, even assuming that the time frame the Plaintiff refers to precedes his placement in a cast, it remains unclear as to when it might be.

Plaintiff would be unable to establish Defendant Strum's reckless disregard for his injury. That issue is rendered largely academic, however, as the Plaintiff also alleges that Defendant Strum "ignored" his wrist injury for a "few days." The word "ignored" necessarily connotes an intentional refusal to acknowledge a fact. By alleging that Defendant Strum "ignored" his wrist, the Plaintiff appears to suggest that Defendant Strum knew of the condition and purposefully disregarded it. This is a sufficient allegation of intent at the pleading stage of the case.

Because of its awkward grammar, the allegations against Defendant Ubinas are even more difficult to parse. Construing the Amended Complaint liberally, the Court understands the Plaintiff to allege that Defendant Ubinas had "see[n]" the Plaintiff's injury "in his work shift," but refused to attend to the Plaintiff's injury for a period of 8 days before deciding to place the Plaintiff in a sling. Drawing all inferences in the light most favorable to the Plaintiff, the Court will assume that the Plaintiff has alleged that Defendant Ubinas "saw" his injury – an injury the Court has assumed was sufficiently serious that even a layperson observing it would recognize the need for treatment – but failed to provide any treatment for it for a period of 8 days. This is sufficient to allege Defendant Ubinas harbored a reckless disregard for the Plaintiff's medical needs.

Finally, because the Plaintiff's treatment was only delayed, not denied, the Plaintiff must allege facts that show that he suffered "substantial harm" as a result of the delay. The Plaintiff expressly alleges that, because of the delay, he was required to have surgery on his wrist. Construed liberally, this suggests that the delay in providing treatment caused the Plaintiff to suffer additional injuries or complications that would not have healed naturally – *i.e.* complications that would otherwise have had permanent consequences. In addition, construing

7

the facts most favorably to the Plaintiff, the Court finds that the pain attendant to a severely broken wrist that went untreated for several days could be considerable. Accordingly, the Court finds that the Plaintiff has stated an 8th Amendment claim against both Defendants.[5]

The Court notes, however, that the Plaintiff has done so only by virtue of many generous inferences being drawn by the Court. There is some reason to believe that, when required to come forward with actual proof of his claims, the Plaintiff may be unable to do so. For example, although the Court has assumed that the Plaintiff can show that his wrist was so severely broken that even a layperson would have noticed it, the true facts may show an injury that is far less pronounced.[6] Moreover, the Plaintiff has benefitted from the Court construing very ambiguous language in his favor. If the facts adduced during discovery fail to rise to the level inferred by the Court, the Defendants may be entitled to summary judgment and if the Court finds that the Plaintiff has knowingly overstated the nature of the events, the Court could award costs and fees against him as a sanction. Thus, the Court encourages the Plaintiff to carefully review this Order, particularly the portion that sets forth the legal requirements to state an 8th Amendment claim, and to consider whether the facts he can prove rise to that demanding level.

---

[5]The Court finds that the Plaintiff's allegations regarding treatment for his stitches fails to state a claim. Among other things, the mere presence of stitches does not indicate a serious medical need, the Plaintiff does not allege either Defendant's knowledge of the stitches (much less a refusal to treat them), and does not allege that substantial harm resulted from any delay that occurred in cleaning the area.

[6]Notably, the Amended Complaint refers to a "broken" wrist, but the Plaintiff's response refers to having been diagnosed with a "sprain[ed] left wrist." It is far less likely that a sprained wrist would meet the legal definition of a "serious medical need," but at this stage, the Court is required to defer to the more dramatic language found in the Plaintiff's actual pleading.

Accordingly, the Defendants' Motion to Dismiss **(# 20)** is **DENIED IN PART**, insofar as the Court finds that the Plaintiff has successfully stated an 8th Amendment claim against the Defendants with regard to the delay in treating his broken wrist, and **GRANTED IN PART**, with regard to any other claims allegedly asserted in the Amended Complaint.

Dated this 2nd day of February, 2009

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge