N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00666-MSK-CBS

WILLIAM M. WRIGHT,
    Plaintiff,
v.

MICHELLE STURM,[1] Nurse, and
EFRAIN UBINAS, Nurse,
    Defendants.

___

ORDER
___

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Motion to Intervene filed by the Board of County Commissioners for the County of Arapahoe, Colorado ("BOCC") on March 19, 2009 (doc. # 82).  Pursuant to the Order of Reference dated May 6, 2008 (doc. # 11) and the memorandum dated March 20, 2009 (doc. # 84), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

I    Statement of the Case

    On February 2, 2009, District Judge Krieger ruled that this action shall proceed on "an 8th Amendment claim against the Defendants with regard to the delay in treating [Mr. Wright's] broken wrist."  (*See* "Opinion and Order Denying, in Part, Motion to

---

    1    While Mr. Wright has spelled Ms. Sturm's last name in his complaint as "Strum," the correct spelling is Sturm.

1

Dismiss" (doc. # 75) at p. 9 of 9).  Defendants filed their Answer on February 11, 2009. (*See* doc. # 80).  In the Amended Complaint, Mr. Wright seeks "monetary relief" against the two remaining Defendants.  (*See* doc. # 7 at p. 8 of 9).

During the Preliminary Scheduling Conference held on April 9, 2009, Mr. Wright indicated his intent to object to the Motion to Intervene and requested an extension of time to file his response.  (*See* Courtroom Minutes/Minute Order (doc. # 86)).  The court afforded Mr. Wright until April 24, 2009 to file his response to the Motion to Intervene. (*See id*).  As of this date, Mr. Wright has not filed any response.   Defendants do not oppose the BOCC's motion to intervene.

II.   Analysis

At the time relevant to the single remaining claim, Defendants were civilian medical staff members employed by the Arapahoe County Sheriff.  As Defendants are sued for acts and/or omissions occurring within the scope of their employment as employees for the Arapahoe County Sheriff, the BOCC is charged under the Colorado Governmental Immunity Act ("CGIA") with providing them both a legal defense and indemnification from any judgment that could arise out of the action against them; excepting judgments founded upon wanton and/or willful conduct, and judgments for punitive damages.  *See* Colo. Rev. Stat. §§ 24-10-101, *et seq*.  A favorable judgment for Mr. Wright on his claims against one or both of the Defendants in this action will, in accordance with state law, require the BOCC to pay, in whole or in part, the amount of compensatory damages that may enter against them.

Further, during the time Mr. Wright was detained at the Arapahoe County Detention Facility, the Arapahoe County Sheriff, using public funds, paid costs in excess of $8,000 for medical treatment delivered by outside medical providers to Mr. Wright. The BOCC may recover public funds expended on medical treatment provided to a jail inmate by assessing the cost of the same against the inmate. *See* Colo. Rev. Stat. §17-26-104.5. Mr. Wright has not reimbursed or otherwise paid the Sheriff or the BOCC for the costs of the medical treatment provided to him. Thus, BOCC claims an interest in the potential recovery from this action. Defendants Sturm and Ubinas have no standing to raise or assert a counterclaim or setoff against Mr. Wright for the cost of his medical care paid for by the Sheriff.

Pursuant to Fed. R. Civ. P. 24(a)(2), an applicant for intervention must be permitted to intervene if the following elements are satisfied: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded by the outcome of the action; and (4) the applicant's interest is not adequately represented by parties. *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). These factors "are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation," and are not "rigid, technical requirements." *San Juan County, Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007).

"Where a party is not entitled to intervention as of right under Rule 24(a),

permissive intervention under Rule 24(b) is still possible." *Wilderness Soc., Ctr. For Native Ecosystems v. Wisely*, 524 F. Supp.2d 1285, 1294 (D. Colo. 2007). "To be entitled to permissive intervention, [a potential intervenor] must demonstrate that it has a claim or defense that shares a common issue of law or fact with the issues arising between the Plaintiffs and Defendants, and that permitting such intervention will not unduly delay or prejudice the rights of the original parties." *Id.*

The court concludes that BOCC meets the requirements of Rule 24(a)(2) and 24(b). First, the motion is timely in that the above-captioned action is still in its earliest stages, discovery has not yet commenced, and the BOCC's intervention will not delay or disrupt the progress of the case. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250-51 (10th Cir.2001) (holding motion for intervention timely under Rule 24(a)(2) of the Federal Rules of Civil Procedure because case was far from final disposition, no scheduling order had been issued, no trial date set, and no cut-off date for motions set). Second, pursuant to Colo. Rev. Stat. §§ 24-10-101, *et seq.* the BOCC has a direct interest in the claim brought by Mr. Wright against the Defendants. The BOCC's proposed counterclaim against Mr. Wright also shares common issues of law and fact with Mr. Wright's claim against Defendants Sturm and Ubinas. Third, factual and/or legal determinations made in this action could impair or impede the BOCC's ability to pursue reimbursement pursuant to Colo. Rev. Stat. §17-26-104.5. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d at 1253 (putative intervenor need only make a minimal showing that impairment of a substantial legal interest is possible if intervention is denied) (citation omitted). Fourth, the BOCC's interests cannot be adequately or fully

protected by Defendants Sturm or Ubinas in that they have no right or standing to seek reimbursement from Mr. Wright of the amounts due for his medical care, nor can they assert such amount as a setoff against any monetary judgment that could be assessed against them.  *See San Juan County, Utah v. United States*, 503 F.3d at 1204 (prospective intervenor need make only minimal showing to establish that its interests are not adequately represented by existing parties).  Finally, Defendants do not object to intervention by BOCC and no party has argued or demonstrated that permitting intervention will unduly delay or prejudice the rights of the original parties.

Accordingly, IT IS ORDERED that:

1.	The Motion to Intervene filed by the Board of County Commissioners for the County of Arapahoe, Colorado ("BOCC") on March 19, 2009 (doc. # 82) is GRANTED.

2.	The Board of County Commissioners for the County of Arapahoe, Colorado is permitted to intervene as a party defendant and counter claimant.

3.	The Answer and Counterclaim of the Defendant-Intervenor Board of County Commissioners for the County of Arapahoe, Colorado was accepted for filing by the Clerk of the Court on March 19, 2009.  (*See* doc. # 83).

DATED at Denver, Colorado, this 12th day of May, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge